UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

ROBERTO RIVERA, M.D.,

        Plaintiff,

        -against-

RUTH SMITH, M.D., JESS A. BUNSHAFT, ESQ.,
and SAINT VINCENT'S HOSPITAL-MANHATTAN
(ST. VINCENT'S CATHOLIC MEDICAL
CENTERS),

        Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

**Docket No.
07 CV 3246 (BSJ)(AJP)**

**ANSWER TO SECOND
AMENDED COMPLAINT**

Defendants **RUTH E. SMITH, M.D., JESS A. BUNSHAFT, ESQ., and ST. VINCENT'S -MANHATTAN (ST. VINCENT'S CATHOLIC MEDICAL CENTERS)**, by their attorneys, **WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP**, answer the plaintiff's Second Amended Complaint upon information and belief, as follows:

1.     Defendants admit that Roberto Rivera, M.D. is the plaintiff in the instant action as their response to paragraph "1" of plaintiff's second amended complaint, and respectfully refer all questions of law to the Court and all questions of fact to the trier of fact.

## INTRODUCTION

2.     Defendants deny each and every allegation of discrimination and further deny that any violation of federal statutes and/or regulations occurred as their response to paragraph "2" of plaintiff's second amended complaint, and respectfully refer all questions of law to the Court and all questions of fact to the trier of fact.

## COUNT I

3.      Defendants deny that any violation of federal statutes or regulations occurred as their response to paragraph "3" of plaintiff's second amended complaint except admit that plaintiff purports to bring this Cause of Action under the Americans with Disability Act ("ADA"), and respectfully refer all questions of law to the Court and all questions of fact to the trier of fact.  Defendants Smith and Bunshaft further proffer that no response is necessary to this Cause of Action pursuant to the Decision and Order of the Court dated January 17, 2008 wherein this Cause of Action was dismissed with prejudice against the individual defendants, Bunshaft and Smith.

4.      Defendants deny that any violation of New York State statutes and regulations or federal laws occurred as their response to paragraph "4" of plaintiff's second amended complaint, except admit that plaintiff purports to bring this Cause of Action under the New York State Human Rights laws, and respectfully refer all questions of law to the Court and all questions of fact to the trier of fact.

## COUNT II

5.      Defendants deny that any violation of New York State statutes and/or regulations occurred as their response to paragraph "5" of plaintiff's second amended complaint and respectfully refer all questions of law to the Court and all questions of fact to the trier of fact.

6.      Defendants deny that any violation of New York State common laws or federal laws occurred as their response to paragraph "6" of plaintiff's second amended complaint and respectfully refer all questions of law to the Court and all questions of fact to the trier of fact.

2

3110719.1

## COUNT III

7.    Defendants proffer no response to the Cause of Action alleging Negligent Misrepresentation contained in paragraph "7" of plaintiff's second amended complaint as no response is necessary pursuant to the Decision and Order of the Court dated January 18, 2008 wherein this Cause of Action was dismissed with prejudice against all defendants.

## COUNT IV

8.    Defendants proffer no response to this Cause of Action alleging "Wrongful Discharge (Promissory Estoppel)" as contained in paragraph "8" of plaintiff's second amended complaint as no response is necessary pursuant to the Decision and Order of the Court dated January 18, 2008 wherein this Cause of Action was dismissed with prejudice against all defendants.

## COUNT V

9.    Defendants proffer no response to this Cause of Action alleging "Wrongful Discharge (Breach of Contract)" as contained in paragraph "9" of plaintiff's second amended complaint as no response is necessary pursuant to the Decision and Order of the Court dated January 18, 2008 wherein this Cause of Action was dismissed with prejudice against all defendants.

## COUNT VI

10.    Defendants deny each and every allegation contained in paragraph "10" of plaintiff's second amended complaint, and respectfully refer all questions of law to the Court and all questions of fact to the trier of fact.

3110719.1

## COUNT VII

11.    Defendants deny each and every allegation contained in paragraph "11" of plaintiff's second amended complaint, and respectfully refer all questions of law to the Court and all questions of fact to the trier of fact.

## COUNT VIII

12.    Defendants proffer no response to this Cause of Action alleging "Intentional Infliction of Emotional Distress" as contained in paragraph "12" of plaintiff's second amended complaint as no response is necessary pursuant to the Decision and Order of the Court dated January 18, 2008 wherein plaintiff conceded to the dismissal of this Cause of Action against all defendants with prejudice.

## JURISDICTION

13.    Defendants deny that any violation of federal or state laws occurred as its response to the Statement of Jurisdiction contained in paragraph "13" of plaintiff's second amended complaint except admit that plaintiff seeks to invoke the jurisdiction of the Court as set forth therein, and respectfully refer all questions of law to the Court and all questions of fact to the trier of fact.

14.    Defendants deny that any violation of federal or state laws occurred as its response to paragraph "14" of plaintiff's second amended complaint except admit that plaintiff seeks to invoke the jurisdiction of the Court as set forth therein, and respectfully refer all questions of law to the Court and all questions of fact to the trier of fact.

4

### VENUE

15.    Defendants deny that they violated any federal or state statute as their response to, to paragraph "15" of plaintiff's second amended complaint except admit that plaintiff has elected to venue this action as set forth therein, and respectfully refer all questions of law to the Court and all questions of fact to the trier of fact.

### PARTIES

16.    Defendants deny knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraph "16" of plaintiff's second amended complaint except admit that plaintiff was employed by St. Vincent's Catholic Medical Center (the "Medical Center") on or about October 1, 1991 and was terminated on or about July 6, 2006, and respectfully refer all questions of law to the Court and all questions of fact to the trier of fact.

17.    Defendants deny each and every allegation contained in paragraph "17" of plaintiff's second amended complaint except admit that Dr. Ruth Smith is and was at all relevant times employed by the Medical Center as Director of Personnel Health and resides in New York County, and respectfully refer all questions of law to the Court and all questions of fact to the trier of fact.

18.    Defendants deny each and every allegation contained in paragraph "18" of plaintiff's second amended complaint except admit that defendant Bunshaft resides in East Meadow, New York, and at all relevant times was employed by the Medical Center as Director of Human Resources, and respectfully refer all questions of law to the Court and all questions of fact to the trier of fact.

3110719.1

19.    Defendants deny each and every allegation contained in paragraph "19" of plaintiff's second amended complaint except admit that the Medical Center is located in New York County and is a not-for-profit corporation organized under the laws of New York State, that plaintiff was an employee of the Medical Center during the stated time period, and that the Medical Center employed more than fifteen persons during the stated time period, and respectfully refer all questions of law to the Court and all questions of fact to the trier of fact.

20.    Defendants deny each and every allegation contained in paragraph "20" of plaintiff's second amended complaint except admit that plaintiff was an employee of the Medical Center, and respectfully refer all questions of law to the Court and all questions of fact to the trier of fact.

21.    Defendants deny each and every allegation contained in paragraph "21" of plaintiff's second amended complaint except admit that plaintiff's purports to purports to allege "discriminatory, tortuous and breach-of contract" acts based on his suspension and termination by the Medical Center, and respectfully refer all questions of law to the Court and all questions of fact to the trier of fact.

22.    Defendants deny each and every allegation contained in paragraph "22" of plaintiff's second amended complaint except admit that plaintiff purports to allege "discriminatory, tortuous and breach-of contract" acts based on his suspension on May 26, 2006 and termination on July 6, 2006, and respectfully refer all questions of law to the Court and all questions of fact to the trier of fact.

3110719.1

## SUMMARY OF CHARGES

23.    Defendants deny each and every allegation contained in paragraph "23" of plaintiff's second amended complaint except admit that plaintiff was requested to undergo psychiatric evaluation, and respectfully refer all questions of law to the Court and all questions of fact to the trier of fact.

24.    Defendants proffer no response to the allegations contained in paragraph "24" of plaintiff's second amended complaint as no response is necessary pursuant to the Decision and Order of the Court dated January 18, 2008 wherein these claims and related Causes of Action for "negligent misrepresentation, breach of promise, and breach of oral contract" were all dismissed with prejudice against all defendants.

25.    Defendants deny each and every allegation contained in paragraph "25" of plaintiff's second amended complaint, and respectfully refer all questions of law to the Court and all questions of fact to the trier of fact.

26.    Defendants deny each and every allegation contained in paragraph "26" of plaintiff's second amended complaint, and respectfully refers all questions of law to the Court and all questions of fact to the trier of fact.  Defendants further state that no response is necessary to plaintiff's allegation of intentional infliction of extreme emotional distress pursuant to the Decision and Order of the Court dated January 18, 2008 wherein plaintiff conceded to the dismissal of this Cause of Action with prejudice against all defendants.

## GENERAL ALLEGATIONS

27.    Defendants deny each and every allegation contained in paragraph "27" of plaintiff's second amended complaint except admit that plaintiff was employed by the Medical

3110719.1

Center as an Assistant Attending Physician in or around October 1991 and was granted the accompanying admitting privileges, and was an Associate Attending Physician in the Departments of Medicine and Community Medicine at the time of his termination, and respectfully refer all questions of law to the Court and all questions of fact to the trier of fact.

28.    Defendants deny knowledge or information sufficient to form a belief as to each and every allegation contained in paragraph "28" of plaintiff's second amended complaint, and respectfully refer all questions of law to the Court and all questions of fact to the trier of fact.

29.    Defendants deny knowledge or information sufficient to form a belief as to each and every allegation contained in paragraph "29" of plaintiff's second amended complaint, and respectfully refer all questions of law to the Court and all questions of fact to the trier of fact.

30.    Defendants deny knowledge or information sufficient to form a belief as to each and every allegation contained in paragraph "30" of plaintiff's second amended complaint, specifically denies that plaintiff's conduct towards his co-employee, "F.D., F.N.P.," was "exemplary, of the highest professional standard" during the relevant time period, and respectfully refer all questions of law to the Court and all questions of fact to the trier of fact.

31.    Defendants deny knowledge or information sufficient to form a belief as to each and every allegation contained in paragraph "31" of plaintiff's second amended complaint, and respectfully refers all questions of law to the Court and all questions of fact to the trier of fact.

32.    Defendants deny knowledge or information sufficient to form a belief as to each and every allegation contained in paragraph "32" of plaintiff's second amended complaint, and respectfully refer all questions of law to the Court and all questions of fact to the trier of fact.

3110719.1

33.     Defendants deny knowledge or information sufficient to form a belief as to each and every allegation contained in paragraph "33" of plaintiff's second amended complaint, and respectfully refers all questions of law to the Court and all questions of fact to the trier of fact.

34.     Defendants deny knowledge or information sufficient to form a belief as to each and every allegation contained in paragraph "34" of plaintiff's second amended complaint, except admit that plaintiff's co-employee complained that plaintiff was stalking and harassing her and that plaintiff admitted he had knowingly moved into the co-employee's neighborhood, and respectfully refer all questions of law to the Court and all questions of fact to the trier of fact.

35.     Defendants deny knowledge or information sufficient to form a belief as to each and every allegation contained in paragraph "35" of plaintiff's second amended complaint, and respectfully refer all questions of law to the Court and all questions of fact to the trier of fact.

36.     Defendants deny knowledge or information sufficient to form a belief as to each and every allegation contained in paragraph "36" of plaintiff's second amended complaint, and respectfully refer all questions of law to the Court and all questions of fact to the trier of fact.

37.     Defendants deny knowledge or information sufficient to form a belief as to each and every allegation contained in paragraph "37" of plaintiff's second amended complaint except admit that plaintiff requested to be assigned to another worksite, and respectfully refer all questions of law to the Court and all questions of fact to the trier of fact.

38.     Defendants deny knowledge or information sufficient to form a belief as to each and every allegation contained in paragraph "38" of plaintiff's second amended complaint except admit that plaintiff was advised the Medical Center would take his request for transfer under

3110719.1

advisement, and respectfully refer all questions of law to the Court and all questions of fact to the trier of fact.

39.    Defendants deny each and every allegation contained in paragraph "39" of plaintiff's second amended complaint except admit that plaintiff was advised that his co-employee had lodged a complaint against him and was warned not to speak to or have anything to do with the co-employee, a warning which plaintiff disregarded, and respectfully refer all questions of law to the Court and all questions of fact to the trier of fact.

40.    Defendants deny each and every allegation contained in paragraph "40" of plaintiff's second amended complaint except admit that plaintiff was transferred to a new work site, and respectfully refer all questions of law to the Court and all questions of fact to the trier of fact.

41.    Defendants deny each and every allegation contained in paragraph "41" of plaintiff's second amended complaint except admit that plaintiff was advised that plaintiff's co-employee had lodged a complaint against him, and that plaintiff provided details of his relationship with the co-employee and the events leading up to her filing her complaint, and respectfully refer all questions of law to the Court and all questions of fact to the trier of fact.

42.    Defendants deny each and every allegation contained in paragraph "42" of plaintiff's second amended complaint except admit that plaintiff agreed to and completed a no-cost psychological therapy session after which the Medical Center requested plaintiff to undergo a full psychiatric evaluation by the Committee for Physician's Health ("CPH"), and respectfully refers all questions of law to the Court and all questions of fact to the trier of fact.

3110719.1

43.    Defendants deny knowledge or information sufficient to form a belief as to each and every allegation contained in paragraph "43" of plaintiff's second amended complaint except admit that plaintiff agreed to and completed a no-cost psychological therapy session and later attended a meeting with the Director of Human Resources, and respectfully refers all questions of law to the Court and all questions of fact to the trier of fact.

44.    Defendants deny each and every allegation contained in paragraph "44" of plaintiff's second amended complaint except admit that plaintiff attended a meeting with the Director of Human Resources to discuss the complaint filed by plaintiff's co-employee, and respectfully refer all questions of law to the Court and all questions of fact to the trier of fact.

45.    Defendants deny each and every allegation contained in paragraph "45" of plaintiff's second amended complaint except admit that plaintiff attended a meeting with the Director of Human Resources to discuss the complaint filed by plaintiff's co-employee and was suspending pending investigation of the complaint, and respectfully refers all questions of law to the Court and all questions of fact to the trier of fact.

46.    Defendants deny each and every allegation contained in paragraph "46" of plaintiff's second amended complaint except admit that plaintiff attended a meeting with Dr. Kellogg and Dr. Ruth Smith to discuss the complaint filed by plaintiff's co-employee, and respectfully refer all questions of law to the Court and all questions of fact to the trier of fact.

47.    Defendants deny knowledge or information sufficient to form a belief as to each and every allegation contained in paragraph "47" of plaintiff's second amended complaint except admit that plaintiff attended a meeting with the Dr. Kellogg and Dr. Ruth Smith and was given a chance to present his version of events, and was requested to undergo a full psychiatric evaluation by "CPH" to receive a medical certificate of fitness to work which plaintiff stated he

11

would not undergo, and respectfully refer all questions of law to the Court and all questions of fact to the trier of fact.

48.    Defendants deny each and every allegation contained in paragraph "48" of plaintiff's second amended complaint except admit that plaintiff wrote to Dr. Kellogg concerning their meeting, and respectfully refer all questions of law to the Court and all questions of fact to the trier of fact.

49.    Defendants deny knowledge or information sufficient to form a belief as to each and every allegation contained in paragraph "49" of plaintiff's second amended complaint, and respectfully refer all questions of law to the Court and all questions of fact to the trier of fact.

50.    Defendants deny each and every allegation contained in paragraph "50" of plaintiff's second amended complaint except admit that Dr Smith wrote to plaintiff on June 6, 2006, and respectfully refer all questions of law to the Court and all questions of fact to the trier of fact.

51.    Defendants deny knowledge or information sufficient to form a belief as to each and every allegation contained in paragraph "51" of plaintiff's second amended Complaint.

52.    Defendants deny knowledge or information sufficient to form a belief as to each and every allegation contained in paragraph "52" of plaintiff's second amended complaint except admit that plaintiff advised Mr. Bunshaft that his attorney was requesting the Medical Center's "Policies and Procedural Manual" and was told to have his attorney request it directly, and respectfully refer all questions of law to the Court and all questions of fact to the trier of fact.

53.    Defendants deny knowledge or information sufficient to form a belief as to each and every allegation contained in paragraph "53" of plaintiff's second amended complaint, and respectfully refer all questions of law to the Court and all questions of fact to the trier of fact.

54.    Defendants deny knowledge or information sufficient to form a belief as to each and every allegation contained in paragraph "54" of plaintiff's second amended complaint, and respectfully refer all questions of law to the Court and all questions of fact to the trier of fact.

55.    Defendants deny knowledge or information sufficient to form a belief as to each and every allegation contained in paragraph "55" of plaintiff's second amended complaint, except admit that plaintiff refused to seek the consultation and assistance of CPH, and respectfully refer all questions of law to the Court and all questions of fact to the trier of fact.

56.    Defendants deny knowledge or information sufficient to form a belief as to each and every allegation contained in paragraph "56" of plaintiff's second amended complaint except admit that plaintiff contacted his co-employee notwithstanding the Medical Center's strict orders not to do so, and respectfully refer all questions of law to the Court and all questions of fact to the trier of fact.

57.    Defendants deny knowledge or information sufficient to form a belief as to each and every allegation contained in paragraph "57" of plaintiff's second amended complaint, and respectfully refer all questions of law to the Court and all questions of fact to the trier of fact.

58.    Defendants deny knowledge or information sufficient to form a belief as to each and every allegation contained in paragraph "58" of plaintiff's second amended complaint except admit that plaintiff's employment was terminated on or about July 6, 2006, and respectfully refer all questions of law to the Court and all questions of fact to the trier of fact.

59.    Defendants deny each and every allegation contained in paragraph "59" of plaintiff's second amended complaint, and respectfully refer all questions of law to the Court and all questions of fact to the trier of fact.

60.    Defendants deny each and every allegation contained in paragraph "60" of plaintiff's second amended complaint except admit that plaintiff requested a copy of the "Human Resources Manual", and respectfully refer all questions of law to the Court and all questions of fact to the trier of fact.

## COUNT I

61.    Defendants deny each and every allegation contained in paragraph "61" of plaintiff's second amended complaint except admit that plaintiff filed an EEOC complaint and later commenced a federal lawsuit, and respectfully refer all questions of law to the Court and all questions of fact to the trier of fact.

62.    Defendants deny each and every allegation contained in paragraph "62" of plaintiff's second amended complaint except admit that plaintiff is purporting to plead a Cause of Action for Disability Discrimination in violation of the Americans with Disability Act, and respectfully refer all questions of law to the Court and all questions of fact to the trier of fact.

63.    Defendants repeat and reiterate each and every response as previously set forth in response to those allegations incorporated in the preceding paragraphs as its response to paragraph "63" of plaintiff's second amended complaint, and respectfully refer all questions of law to the Court and all questions of fact to the trier of fact.

64.     Defendants deny each and every allegation contained in paragraph "64" of plaintiff's second amended complaint, and respectfully refer all questions of law to the Court and all questions of fact to the trier of fact.

65.     Defendants deny each and every allegation contained in paragraph "65" of plaintiff's second amended complaint, and respectfully refer all questions of law to the Court and all questions of fact to the trier of fact.

66.     Defendants deny each and every allegation contained in paragraph "66" of plaintiff's second amended complaint, and respectfully refer all questions of law to the Court and all questions of fact to the trier of fact.

67.     Defendants deny each and every allegation contained in paragraph "67" of plaintiff's second amended complaint, and respectfully refer all questions of law to the Court and all questions of fact to the trier of fact.

68.     Defendants deny each and every allegation contained in paragraph "68" of plaintiff's second amended complaint, and respectfully refer all questions of law to the Court and all questions of fact to the trier of fact.

69.     Defendants deny knowledge or information sufficient to form a belief as to each and every allegation contained in paragraph "69" of plaintiff's second amended complaint, and respectfully refer all questions of law to the Court and all questions of fact to the trier of fact.

70.     Defendants deny each and every allegation contained in paragraph "70" of plaintiff's second amended complaint, and respectfully refer all questions of law to the Court and all questions of fact to the trier of fact.

3110719.1

71.    Defendants deny each and every allegation contained in paragraph "71" of plaintiff's second amended complaint, and respectfully refer all questions of law to the Court and all questions of fact to the trier of fact.

72.    Defendants deny each and every allegation contained in paragraph "72" of plaintiff's second amended complaint, and respectfully refer all questions of law to the Court and all questions of fact to the trier of fact.

73.    Defendants deny each and every allegation contained in paragraph "73" of plaintiff's second amended complaint, and respectfully refer all questions of law to the Court and all questions of fact to the trier of fact.

**COUNT II**

74.    Mis-numbered paragraph – this paragraph is missing from plaintiff's second amended complaint.

**STATUTORY PROVISIONS AND GUIDELINES**

75.    Defendants deny that any violation of New York State statutes and/or regulations occurred as their response to paragraph "75" of plaintiff's second amended complaint, and respectfully refer all questions of law to the Court and all questions of fact to the trier of fact.

76.    Defendants deny that any violation of New York State statutes and regulations or of the "New York State Division of Human Rights guidelines" occurred as their response to paragraph "76" of plaintiff's second amended complaint, and respectfully refer all questions of law to the Court and all questions of fact to the trier of fact.

3110719.1

77.    Defendants deny that any violation of New York State statutes and regulations or of the "New York State Division of Human Rights guidelines" occurred as their response to paragraph "77" of plaintiff's second amended complaint, and respectfully refer all questions of law to the Court and all questions of fact to the trier of fact.

78.    Defendants deny that any violation of New York State statutes and regulations or of the "New York State Division of Human Rights guidelines" occurred as their response to paragraph "78" of plaintiff's second amended complaint, and respectfully refer all questions of law to the Court and all questions of fact to the trier of fact.

## ALLEGATIONS

79.    Defendants repeat and reiterate each and every response as previously set forth in response to those allegations incorporated in the preceding paragraphs as its response to paragraph "79" of plaintiff's second amended complaint, and respectfully refer all questions of law to the Court and all questions of fact to the trier of fact.

80.    Defendants deny each and every allegation contained in paragraph "80" of plaintiff's second amended complaint, and respectfully refer all questions of law to the Court and all questions of fact to the trier of fact.

81.    Defendants deny each and every allegation contained in paragraph "81" of plaintiff's second amended complaint, and respectfully refer all questions of law to the Court and all questions of fact to the trier of fact.

82.    Defendants deny each and every allegation contained in paragraph "82" of plaintiff's second amended complaint, and respectfully refer all questions of law to the Court and all questions of fact to the trier of fact.

3110719.1

83.    Defendants deny each and every allegation contained in paragraph "83" of plaintiff's second amended complaint, and respectfully refer all questions of law to the Court and all questions of fact to the trier of fact.

84.    Defendants deny knowledge or information sufficient to form a belief as to each and every allegation contained in paragraph "84" of plaintiff's second amended complaint, and respectfully refer all questions of law to the Court and all questions of fact to the trier of fact.

## COUNT III

85.    Defendants repeat and reiterate each and every response as previously set forth in response to those allegations incorporated in the preceding paragraphs as its response to paragraph "85" of plaintiff's second amended complaint, and respectfully refer all questions of law to the Court and all questions of fact to the trier of fact.

86.    Defendants proffer no response to the Cause of Action for "Negligent Misrepresentation" as contained in paragraph "86" of plaintiff's second amended complaint as no response is necessary pursuant to the Decision and Order of the Court dated January 18, 2008 wherein this cause of action was dismissed against all defendants with prejudice.

## COUNT IV

87.    Defendants repeat and reiterate each and every response as previously set forth in response to those allegations incorporated in the preceding paragraphs as its response to paragraph "87" of plaintiff's second amended complaint, and respectfully refer all questions of law to the Court and all questions of fact to the trier of fact.

3110719.1

88.    Defendants proffer no response to this Cause of Action alleging "Wrongful Discharge ("Promissory Estoppel")" as contained in paragraph "88" of plaintiff's second amended complaint as no response is necessary pursuant to the Decision and Order of the Court dated January 18, 2008 wherein this cause of action was dismissed with prejudice against all defendants.

89.    Defendants proffer no response to this Cause of Action alleging "Wrongful Discharge ("Promissory Estoppel")" as contained in paragraph "89" of plaintiff's second amended complaint as no response is necessary pursuant to the Decision and Order of the Court dated January 18, 2008 wherein this cause of action was dismissed with prejudice against all defendants.

### COUNT V

90.    Defendants repeat and reiterate each and every response as previously set forth in response to those allegations incorporated in the preceding paragraphs as its response to paragraph "90" of plaintiff's second amended complaint, and respectfully refer all questions of law to the Court and all questions of fact to the trier of fact.

91.    Defendants proffer no response to this Cause of Action alleging "Wrongful Discharge ("Breach of Contract")" as contained in paragraph "91" of plaintiff's second amended complaint as no response is necessary pursuant to the Decision and Order of the Court dated January 18, 2008 wherein this cause of action was dismissed with prejudice against all defendants.

92.    Defendants proffer no response to this Cause of Action alleging "Wrongful Discharge ("Breach of Contract")" as contained in paragraph "92" of plaintiff's second amended complaint as no response is necessary pursuant to the Decision and Order of the Court dated

3110719.1

January 18, 2008 wherein this cause of action was dismissed with prejudice against all defendants.

93.    Defendants proffer no response to this Cause of Action alleging "Wrongful Discharge ("Breach of Contract")" as contained in paragraph "93" of plaintiff's second amended complaint as no response is necessary pursuant to the Decision and Order of the Court dated January 18, 2008 wherein this cause of action was dismissed with prejudice against all defendants.

94.    Defendants proffer no response to this Cause of Action alleging "Wrongful Discharge ("Breach of Contract")" as contained in paragraph "94" of plaintiff's second amended complaint as no response is necessary pursuant to the Decision and Order of the Court dated January 18, 2008 wherein this cause of action was dismissed with prejudice against all defendants.

95.    Defendants proffer no response to this Cause of Action alleging "Wrongful Discharge ("Breach of Contract")" as contained in paragraph "95" of plaintiff's second amended complaint as no response is necessary pursuant to the Decision and Order of the Court dated January 18, 2008 wherein this cause of action was dismissed with prejudice against all defendants.

## COUNT VI

96.    Defendants repeat and reiterate each and every response as previously set forth in response to those allegations incorporated in the preceding paragraphs as its response to paragraph "96" of plaintiff's second amended complaint, and respectfully refer all questions of law to the Court and all questions of fact to the trier of fact.

3110719.1

97.    Defendants deny each and every allegation contained in paragraph "97" of plaintiff's second amended complaint except admit that plaintiff was employed by the Medical Center from October 1, 1991 through July 6, 2006, and at dismissal, had attained the position Associate Attending Physician in the Departments of Medicine and Community Medicine, and respectfully refer all questions of law to the Court and all questions of fact to the trier of fact.

98.    Defendants deny each and every allegation contained in paragraph "98" of plaintiff's second amended complaint except admit that as part of his accreditation to the medical staff, plaintiff signed written agreements biennially delineating his duties and privileges, and respectfully refer all questions of law to the Court and all questions of fact to the trier of fact.

99.    Defendants deny knowledge or information sufficient to form a belief as to each and every allegation contained in paragraph "99" of plaintiff's second amended complaint, and respectfully refer all questions of law to the Court and all questions of fact to the trier of fact.

100.    Defendants deny each and every allegation contained in paragraph "100" of plaintiff's second amended complaint, and respectfully refer all questions of law to the Court and all questions of fact to the trier of fact.

101.    Defendants deny each and every allegation contained in paragraph "101" of plaintiff's second amended complaint, and respectfully refer all questions of law to the Court and all questions of fact to the trier of fact.

102.    Defendants deny each and every allegation contained in paragraph "102" of plaintiff's second amended complaint, and respectfully refer all questions of law to the Court and all questions of fact to the trier of fact.

103.    Defendants deny knowledge or information sufficient to form a belief as to each and every allegation contained in paragraph "103" of plaintiff's second amended complaint, and respectfully refer all questions of law to the Court and all questions of fact to the trier of fact.

## COUNT VII

104.    Defendants deny each and every allegation contained in paragraph "104" of plaintiff's second amended complaint except admit that plaintiff was employed by the Medical Center from October 1, 1991 through July 6, 2006, and prior to his suspension and dismissal, was an accredited member of the medical staff, and respectfully refer all questions of law to the Court and all questions of fact to the trier of fact.

105.    Defendants deny each and every allegation contained in paragraph "105" of plaintiff's second amended complaint except admit that plaintiff signed written agreements biennially delineating his duties and privileges, and respectfully refer all questions of law to the Court and all questions of fact to the trier of fact.

106.    Defendants deny knowledge or information sufficient to form a belief as to each and every allegation contained in paragraph "106" of plaintiff's second amended complaint, and respectfully refer all questions of law to the Court and all questions of fact to the trier of fact.

107.    Defendants deny each and every allegation contained in paragraph "107" of plaintiff's second amended complaint, and respectfully refer all questions of law to the Court and all questions of fact to the trier of fact.

108.    Defendants deny each and every allegation contained in paragraph "108" of plaintiff's second amended complaint, and respectfully refer all questions of law to the Court and all questions of fact to the trier of fact.

3110719.1

109.    Defendants deny each and every allegation contained in paragraph "109" of plaintiff's second amended complaint, and respectfully refer all questions of law to the Court and all questions of fact to the trier of fact.

## COUNT VIII

110.    Defendants repeat and reiterate each and every response as previously set forth in response to those allegations incorporated in the preceding paragraphs as its response to paragraph "110" of plaintiff's second amended complaint, and respectfully refer all questions of law to the Court and all questions of fact to the trier of fact.

111.    Defendants proffer no response to the Cause of Action for "Intentional Infliction of Emotional Distress" as contained in paragraph "111" of plaintiff's second amended complaint as no response is necessary pursuant to the Decision and Order of the Court dated January 18, 2008 wherein plaintiff conceded to the dismissal of this Cause of Action against all defendants with prejudice.

## PRAYER FOR RELIEF

112.    Defendants repeat and reiterate each and every response as previously set forth in response to those allegations incorporated in the preceding paragraphs, denies that any relief is warranted as its response to plaintiff's prayer for relief, and respectfully refer all questions of law to the Court and all questions of fact to the trier of fact.

## COUNT I

113.    Defendants repeat and reiterate each and every response as previously set forth in response to those allegations incorporated in the preceding paragraphs, denies that any relief is warranted as its response to plaintiff's prayer for relief as to Count I, paragraphs "1" through "4" of

3110719.1

plaintiff second amended complaint, and respectfully refer all questions of law to the Court and all questions of fact to the trier of fact.

## COUNT II

114.    Defendants repeat and reiterate each and every response as previously set forth in response to those allegations incorporated in the preceding paragraphs, denies that any relief is warranted as its response to plaintiff's prayer for relief as to Count II, paragraphs "1" through "8" of plaintiff's second amended complaint, and respectfully refer all questions of law to the Court and all questions of fact to the trier of fact.

## COUNT III

115.    Defendants repeat and reiterate each and every response as previously set forth in response to those allegations incorporated in the preceding paragraphs, and proffer no response to plaintiff's prayer for relief as to this Cause of Action alleging "Negligent Misrepresentation" as contained in paragraphs "1" through "7" of plaintiff's second amended complaint as no response is necessary pursuant to the Decision and Order of the Court dated January 18, 2008 wherein this cause of action was dismissed against all defendants with prejudice.

## COUNT IV

116.    Defendants repeat and reiterate each and every response as previously set forth in response to those allegations incorporated in the preceding paragraphs, and proffer no response to plaintiff's prayer for relief as to this Cause of Action alleging "Wrongful Discharge ("Promissory Estoppel")" as contained in paragraphs "1" through "4" of plaintiff's second amended complaint as no response is necessary pursuant to the Decision and Order of the Court dated January 18, 2008 wherein this cause of action was dismissed with prejudice against all

3110719.1

defendants.

## COUNT V

117.    Defendants repeat and reiterate each and every response as previously set forth in response to those allegations incorporated in the preceding paragraphs, and proffer no response to plaintiff's prayer for relief as to this Cause of Action alleging "Wrongful Discharge ("Breach of Contract")" as contained in paragraphs "1" through "5" of plaintiff's second amended complaint as no response is necessary pursuant to the Decision and Order of the Court dated January 18, 2008 wherein this cause of action was dismissed with prejudice against all defendants.

## COUNT VI

118.    Defendants repeat and reiterate each and every response as previously set forth in response to those allegations incorporated in the preceding paragraphs, denies that any relief is warranted as its response to plaintiff's prayer for relief as to Count VI, paragraphs "1" through "25 of plaintiff's second amended complaint, and respectfully refer all questions of law to the Court and all questions of fact to the trier of fact.

## COUNT VII

119.    Defendants repeat and reiterate each and every response as previously set forth in response to those allegations incorporated in the preceding paragraphs, denies that any relief is warranted as its response to plaintiff's prayer for relief as to Count VII, paragraphs "1" through "5" of plaintiff's second amended complaint, and respectfully refer all questions of law to the Court and all questions of fact to the trier of fact.

## COUNT VIII

120.    Defendants repeat and reiterate each and every response as previously set forth in response to those allegations incorporated in the preceding paragraphs, and proffer no response to plaintiff's prayer for relief as to this Cause of Action alleging "Intentional Infliction of Emotional Distress" as contained in paragraphs "1" through "5" of plaintiff's second amended complaint as no response is necessary pursuant to the Decision and Order of the Court dated January 18, 2008 wherein plaintiff conceded to the dismissal of this Cause of Action against all defendants with prejudice.

## FIRST AFFIRMATIVE DEFENSE

121.    The plaintiff's complaint as presently constituted fails to state a cause of action upon which relief may be granted as against defendants.

## SECOND AFFIRMATIVE DEFENSE

122.    To the extent that any adverse actions were taken by defendants, they were taken for legitimate business reasons.

## THIRD AFFIRMATIVE DEFENSE

123.    Plaintiff's claims are barred in whole or in part by the doctrine of unclean hands.

## FOURTH AFFIRMATIVE DEFENSE

124.    Plaintiff's claims are barred in whole or in part by the doctrines of latches, waiver or estoppel.

## FIFTH AFFIRMATIVE DEFENSE

125.    Subject to proof through discovery, plaintiff has failed in whole or in part to mitigate his purported damages.

26

## SIXTH AFFIRMATIVE DEFENSE

126.    To the extent plaintiff seeks punitive damages, defendants cannot be held vicariously liable for any such damages because defendants made good-faith efforts to comply with all relevant statutes.

**WHEREFORE**, defendants demand judgment over and against the plaintiff, dismissing the plaintiff's second amended complaint together with costs and disbursements.

Dated:    New York, New York
          February 15, 2008

WILSON, ELSER, MOSKOWITZ,
EDELMAN & DICKER LLP

By:    _____
       **Ricki E. Roer [RER-9393]**
       **Nancy V. Wright [NVW-7834]**
       Attorneys for Defendants
       **RUTH E. SMITH, M.D.,**
       **JESS A. BUNSHAFT, ESQ., and**
       **ST. VINCENT'S CATHOLIC**
       **MEDICAL CENTERS**
       150 East 42nd Street
       New York, New York 10017-5639
       (212) 490-3000
       File No. 01538.00226

TO:    **ROBERTO RIVERA**
       Pro se petitioner
       82 LaSalle Drive
       Yonkers, New York 10710

27

3110719.1

## DECLARATION OF SERVICE

I, Nancy V. Wright, hereby declare that on February 15, 2008, I caused a true and correct copy of the foregoing, **ANSWER TO SECOND AMENDED COMPLAINT** captioned *Roberto Rivera, M.D. v **Ruth Smith, M.D., Jess A. Bunshaft, Esq., and Saint Vincent's Hospital-Manhattan (St. Vincent's Catholic Medical Centers)***, Index No.: 07 CV 3246, to be served by First Class U.S. Mail, depositing a true copy of the same enclosed in a postpaid, properly addressed wrapper, on Plaintiff's counsel at the address below, this being the address provided by him for this purpose:

**ROBERTO RIVERA**
**Pro se petitioner**
**82 LaSalle Drive**
**Yonkers, New York 10710**

Dated:    New York, New York
          February 15, 2008


By: _____
    Nancy V. Wright (NVW7834)
    **WILSON, ELSER, MOSKOWITZ,**
    **EDELMAN & DICKER LLP**
    Attorneys for **Joint Industry Board of the**
    **Electrical Industry** and **Thomas Bush**
    150 East 42nd Street
    New York, New York 10017-5639
    (212) 490-3000
    File No. 00851.00161