WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP

150 East 42nd Street, New York, New York 10017-5639 Tel: (212) 490-3000 Fax: (212) 490-3038

New York • Los Angeles • San Francisco • Washington, DC • Newark • Philadelphia • Baltimore • Miami • Chicago
White Plains, NY • Dallas • Albany, NY • San Diego • Houston • Garden City, NY • Boston • London
Affiliate Offices: Paris • Berlin • Cologne • Frankfurt • Munich • Wiesbaden

www.wemed.com

RECEIVED
APR 14 2008
CHAMBERS OF
ANDREW J. PECK

April 21, 2008

MEMO ENDORSED 4/14/08

**VIA FEDERAL EXPRESS & FASCIMILE**

The Honorable Andrew J. Peck
United States Magistrate Judge
Southern District of New York
500 Pearl St, Room 1370
New York, NY 10007

SO ORDERED: Hon. Andrew Jay Peck, United States Magistrate Judge

Re: **Roberto Rivera, M.D. v. Ruth Smith, M.D., Jess A. Bunshaft, and St. Vincent Catholic Medical Center**
**Docket No. : 07 CV 3246 (BSJ) (AJP)**
**Our File No. : 1538.00226**

BY FAX

Dear Judge Peck:

Please allow this letter to serve as defendants' response to plaintiff's April 10, 2008 correspondence to the Court requesting the disclosure of three patient charts, as well as our response to plaintiff's initial request regarding same.[1]

It is defendants' position that the requested patient charts are not only privileged, but are palpably irrelevant to plaintiff's disability discrimination and breach of contract claims in the instant action. Plaintiff's instant correspondence to the Court only serves to underscore this irrelevance. Whether or not these patient charts actually contain documentation of Fran Dirk's alleged deficient patient care would appear to be an internal, quality assurance issue with no bearing on plaintiff's burden to prove that the defendants discriminated against him because of a disability (or perceived disability) and terminated his employment and privileges in violation of a written contract. Further, plaintiff himself conceded the irrelevance of these charts at his very recent deposition wherein he testified that: he also had issues with the patient care provided by other Nurse Practitioners who actually consulted with him (as he claimed Fran Dirks refused to do), and these issues were even more numerous than those he had with Fran Dirks; Fran Dirks was, in his view, the best Nurse Practitioner at the Men's Shelter where they worked; Fran Dirks was not required to seek plaintiff's assistance with patient care as

[1] Defendants did not have an opportunity to respond to plaintiff's initial request for patient charts since the Court's Order was issued the day after plaintiff's request was received by our office.

3194513.1

opposed to seeking the assistance of other physicians (whether onsite or offsite); each Nurse Practitioner was paired with a collaborating physician to whom she could go to for assistance when she determined assistance was needed, and plaintiff was never Fran Dirk's supervisors or her collaborating physician; Fran Dirk's was fully empowered to decide when and whether she needed to consult with a physician regarding the treatment of a patient; and, none of Fran Dirks' Nurse Managers shared plaintiff's view that Fran's alleged refusal to consult with plaintiff affected the quality of the patient care she provided. If there was indeed a patient care issue, plaintiff had an obligation to report and document it as soon as it occurred, instead of attempting to do so nearly two years later to bolster his unrelated claims in this lawsuit.

Finally, plaintiff's attempt to claim that the actual contents of three patient charts will serve to counter Fran Dirks general complaint that he, inter alia, created an uncomfortable work situation by monitoring and assisting with her workload without his assistance being solicited is baseless. How plaintiff can claim, without any supporting basis whatsoever, that Fran Dirks complaint is referring to his "implied criticism" of her performance in these three particular patient charts is baffling. Moreover, plaintiff concedes in his letter to the Court that his documentation in the requested charts most likely did not mention Fran Dirks by name, and in one instance, it was only his "sudden lack of further comment and notes..." that serves as an indictment of how both their behavior affected patient care. Quite frankly, even if all the allegations made by plaintiff herein are true, the alleged inadequate patient care provided by Fran Dirks is still wholly irrelevant to plaintiff's claims in this lawsuit, especially since plaintiff is not claiming that Fran Dirks complained about him in retaliation for his criticisms. In fact, plaintiff conceded at his deposition the occurrence of almost all the events documented in Fran Dirks' complaint.

It is respectfully requested that plaintiff's request for patient charts be denied in its entirety. Thank you for your attention and consideration in this matter.

Respectfully,

**WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP**

Nancy V. Wright

NVW

cc: Roberto Rivera, M.D.

# FAX TRANSMITTAL SHEET

**ANDREW J. PECK**
**UNITED STATES MAGISTRATE JUDGE**
**UNITED STATES DISTRICT COURT**
Southern District of New York
United States Courthouse
500 Pearl Street, Room 1370
New York, N.Y. 10007-1312

Fax No.: (212) 805-7933
Telephone No.: (212) 805-0036

**Dated:** April 14, 2008

**Total Number of Pages:** 3

| TO | FAX NUMBER |
|---|---|
| Roberto Rivera, M.D. | 914-961-5729 |
| Nancy V. Wright, Esq. | 212-490-3038 |
| | |

## TRANSCRIPTION:

**MEMO ENDORSED 4/14/08**

The Court is inclined to deny Dr. Rivera's request, but to give him the benefit of the doubt, he is to identify to defense counsel the 2 patient names, and defense counsel is to bring those charts to the next court conf. for the Court's in camera review.

Copy to: Judge Barbara S. Jones