```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------x
ROBERTO RIVERA, M.D.,               :
                                    :
                Plaintiff,          :
                                    :
        v.                          :   07-CV-3246 (BSJ)(AJP)
                                    :
RUTH E. SMITH, M.D.,                :   Order
JESS A. BUNSHAFT, ESQ., and         :
SAINT VINCENT'S CATHOLIC MEDICAL    :
CENTERS,                            :
                                    :
                Defendants.         :
------------------------------------x
```

**BARBARA S. JONES**
**UNITED STATES DISTRICT JUDGE**

Pro se plaintiff Roberto Rivera ("Plaintiff") objects to and seeks review of Magistrate Judge Peck's May 2, 2008 denial of (1) Plaintiff's discovery request regarding certain non-party patient records and (2) Plaintiff's proposal to conduct a "statistical analysis" of thirty to forty non-party patient charts.

### I. Relevant Background Information

In April 2008, Plaintiff sought discovery of three patient charts, only two of which he could identify, on the grounds that these charts contained notes and entries that would show that Ms. Dirks, the nurse practitioner who filed a complaint with the Hospital which triggered the events leading to his termination, behaved unprofessionally. Specifically, Plaintiff argued that the charts contained his own written notations which "either

- 1 -

stated his displeasure towards Ms. Dirks' behavior directly... or implied it." (Pl.'s letter dated April 9, 2008). Plaintiff claimed that these charts would show that "the plaintiff and Ms. Dirks both share equal responsibility for the childish and immature behavior they displayed over the last three years." (Id.).

In a separate request, Plaintiff also proposed statistical analysis of patient charts to determine whether or not Plaintiff had targeted Ms. Dirks' patient charts for criticism or review when compared to those of other nurse practitioners. It was Plaintiff's contention that this exercise would establish that all practitioners made chart entries in all the patient charts and, thus, contrary to Ms. Dirks' allegations, Plaintiff was not "snooping around" into her patient affairs. (See Pl.'s letter dated April 29, 2008).

In an Order dated April 14, 2008, Judge Peck directed Defendants to produce the two identified patient charts for in camera review. On May 2, 2008 the charts were produced and reviewed by Judge Peck. After reviewing the charts and listening to further arguments from the parties, Judge Peck denied Plaintiff's request because of HIPAA confidentiality issues and because he found that the charts were not relevant to Plaintiff's claims. (See 05/02/08 Transcript at 5). Judge Peck noted that the charts themselves were not referenced in Dirks'

complaint and whether or not Ms. Dirks was telling the truth in her complaint against Plaintiff was irrelevant to Plaintiff's breach of contract and discrimination claims. (Tr. at 5-6). For the same reasons, Judge Peck also denied Plaintiff's request for the proposed statistical analysis of a sampling of 30 to 40 patient charts. Judge Peck additionally noted that the analysis would "require an expert to design a statistical methodology and the so-called simple approach [proposed by Plaintiff] may not be legally admissible." (Tr. at 6).

## II. Legal Standards and Discussion

A district court reviewing a magistrate judge's non-dispositive pretrial orders may modify or set aside any part of that order if it "clearly erroneous or contrary to law." Fed. R. Civ. 72(a). An order may be deemed "contrary to law" when it "fails to apply or misapplies relevant statutes, case law, or rules of procedure." Catskill Dev., L.L.C. v. Park Place Entm't Corp., 206 F.R.D. 78, 86 (S.D.N.Y. 2002) (quoting Tompkins v. R.J. Reynolds Tobacco Co., 92 F.Supp.2d 70, 74 (N.D.N.Y.2000)). A party seeking to overturn a magistrate judge's decision faces a heavy burden. See id.

Having reviewed Magistrate Judge Peck's Order and Plaintiff's objection, this Court is satisfied that Judge Peck's Order was not clearly erroneous or contrary to law. Judge Peck correctly addressed whether the information sought by Plaintiff

was relevant to any claim or defense in this action pursuant to Rule 26(b)(1) of the Federal Rules of Civil Procedure. Plaintiff was unable to articulate or establish how the information contained in private, non-party patient charts was relevant to his claims against the Defendants in this action. Nor has Plaintiff made such a showing in his written submission to this Court. Despite Plaintiff's contention to the contrary, the Defendants in this action are not "third-party proxies for Fran Dirks' allegations" against him. (See Pl.'s Obj. at 6-7). Moreover, the validity of Dirks' charges is not the issue here. Rather, the central issues in this matter are whether Defendants had legitimate, non-discriminatory grounds for terminating Plaintiff and whether Defendants violated any contractual obligations to Plaintiff.

Moreover, this Court has conducted its own in camera review of the two patient records in question and concurs with Judge Peck's determination that nothing contained therein is relevant to the instant litigation. Accordingly, the Court finds that Judge Peck correctly denied Plaintiff's discovery requests on the grounds that the records sought were not relevant to the instant action.[1]

---

[1] The Court also acknowledges that in denying Plaintiff's request for court-ordered disclosure of medical records, Judge Peck noted the implication of HIPAA privacy issues. Under HIPAA, the Hospital is required to protect the confidentiality of a patient's health information. Nat'l Abortion Fed'n v. Ashcroft, No. 03 Civ. 8695, 2004 WL 555701 (S.D.N.Y. Mar. 19, 2004). HIPAA

The Court also finds that Judge Peck did not err in denying Plaintiff's proposed statistical study. First, the same issues of relevance and patient privacy justify denying this request. Further, Plaintiff himself concedes that "the proposed statistical analysis lacked the validation that only a trained statistical analyst could design into the study." (Pl.'s Obj. at 7).

It is clear from the record that Judge Peck thoroughly and thoughtfully analyzed Plaintiff's discovery requests and articulated his reasons for denying those requests. Plaintiff has raised essentially the same arguments before this Court as he did before Judge Peck and has not proffered any additional evidence or grounds which demonstrate that Judge Peck's decision was erroneous or contrary to law. Accordingly, the Magistrate Judge Peck's May 2, 2008 Order is affirmed.

---

prohibits a covered entity from disclosing health information absent a court order, written permission from the patient or representative or proof that the patient or representative has been informed of the request and given an opportunity to object. See 45 C.F.R. § 164.512(e)(1). Judge Peck, correctly, did not interpret HIPAA as requiring court-ordered disclosure of non-party patient records simply because Plaintiff brought a lawsuit against the Hospital at which those parties were treated. Rather, it was for the Court to determine discoverability on a case by case basis in view of the relevancy of the records to the instant litigation.

SO ORDERED:

                                                                               BARBARA S. JONES  
                                                                          UNITED STATES DISTRICT JUDGE

Dated:    New York, New York  
            June 27, 2008