# WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP

150 E. 42nd Street, New York, New York 10017   Tel: (212) 490-3000   Fax: (212) 490-3038

*Albany • Baltimore • Boston • Chicago • Dallas • Garden City • Houston • Las Vegas • London • Los Angeles • McLean
Miami • Newark • New York • Orlando • Philadelphia • San Diego • San Francisco • Stamford • Washington, DC • White Plains
Affiliates: Berlin • Cologne • Frankfurt • Mexico City • Munich • Paris*

www.wilsonelser.com

**MEMO ENDORSED** /12

July 15, 2008

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC#_____
DATE FILED: 7/16/08



**VIA FASCIMILE**

The Honorable Andrew J. Peck
United States Magistrate Judge
Southern District of New York
500 Pearl St, Room 620
New York, NY 10007

Re:  Roberto Rivera, M.D. v. Ruth Smith, M.D., Jess A. Bunshaft,
and St. Vincent Catholic Medical Centers
Docket No.       :   07 CV 3246
Our File No.     :   1538.00226

Dear Judge Peck:

We represent defendants, Ruth Smith, M.D., Jess A. Bunshaft and St. Vincent Catholic Medical Centers (collectively the "Medical Center") in the referenced matter. We submit this response to plaintiff's motion for reconsideration of Judge Peck's discovery order and contempt citation issued during a telephone conference held on June 26, 2008.

It is respectfully submitted that Judge Peck's decision on these discovery matters was proper and legally supported by the rules governing discovery. Plaintiff has not shown that Judge Peck, in rendering his decision, misapprehended or overlooked any matters or controlling decisions pursuant to Local Rule 6.3. In fact, plaintiff conceded the bases for Magistrate's Peck's decision limiting his use of recently disclosed audio tapes to impeachment only, and finding him in contempt for refusing to turn over relevant communication/letters.

First, with regards to the audio tapes that were disclosed virtually on the eve of the discovery deadline, plaintiff conceded that he made the audio tapes on June 1, 2006, and was therefore well aware of their existence as of that date. Notwithstanding, he opted not to produce them despite defendants discovery requests and his continuing obligations under the disclosure rules. Further, when asked about this non-disclosure during the telephone conference, plaintiff clearly stated that it was his belief under Rule 26(a), that he was not required to turn over documents that "will be used solely for impeachment." (See pp 2-3 of the telephone conference transcript annexed to plaintiff's motion papers). Plaintiff has presented no basis for his failure to comply with the rules

3294215.1

of discovery, other than his belated excuse that he had not listened to the tape in over a year and thus forgot its contents. Plaintiff does not have the right to choose which discovery rules he will comply with, nor which discoverable documents or items he will disclose. If, as plaintiff now claims, the audio tape is so seminal to his claims, he should have timely disclosed it instead of waiting until after depositions, a few days before the discovery deadline.

The Medical Center also requested copies of all written communication between plaintiff and Fran Dirks, the co-employee who accused him of stalking and harassing her; plaintiff freely admits that he refused to disclose same. Plaintiff refused to disclose these letter in his discovery responses, and made it clear at his deposition held on June 16, 2008 that he would never disclose any such letters. Plaintiff reiterated this refusal during our telephone conference in response to Magistrate Peck's direct order, and once again, in his July 11, 2008 response to our follow-up discovery request for same. Plaintiff now attempts to justify his refusal by claiming he is protecting the privacy rights of Ms. Dirks and himself. Plaintiff has already been advised that Ms. Dirks wants to have no further involvement with him relative to this matter, and has advised that any letters in his possession are presumably his property which he can dispose of as he wishes. (Copy of July 9, 2008 letter to plaintiff annexed hereto and plaintiff's response to same). It is respectfully submitted that plaintiff's contempt citation was more than appropriate under these circumstances, and his explanation in the present motion merely confirms this.

Accordingly, the Medical Center requests that plaintiff's motion for reconsideration be denied in its entirety.

Very truly yours,

WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP

*Nancy V. Wright*
Nancy V. Wright

NVW
Enclosures

cc: **VIA FASCIMILE**
Roberto Rivera, M.D.

**MEMO ENDORSED** 7/16/08

*[handwritten:] Mr. Rivera's motion for reconsideration is DENIED. The Court adheres to its original ruling and opinion for contempt.*

SO ORDERED:
Hon. Andrew Jay Peck
United States Magistrate Judge

*[handwritten:] Copies faxed to: Mr. Rivera / Ms. Wright / Judge Jones*

**BY FAX**

2

3294215.1

# WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP

150 East 42nd Street, New York, New York 10017-5639   Tel: (212) 490-3000   Fax: (212) 490-3038

*New York • Los Angeles • San Francisco • Washington, DC • Newark • Philadelphia • Baltimore • Miami • Chicago*
*White Plains, NY • Dallas • Albany, NY • San Diego • Houston • Garden City, NY • Boston • London*
*Affiliate Offices: Paris • Berlin • Cologne • Frankfurt • Munich • Wiesbaden*

www.wemed.com

July 9, 2008

**VIA FEDERAL EXPRESS**

Dr. Roberto Rivera
82 LaSalle Drive
Yonkers, New York 10710

Re: **Roberto Rivera, M.D. v. Ruth Smith, M.D., Jess A. Bunshaft, and St. Vincent Catholic Medical Center**
Docket No.    :   07 CV 3246 (BSJ)(AJP)
Our File No.  :   1538.00226

Dear Dr. Rivera:

As per the Court's request during our last telephone conference, we have spoken with Fran Dirks to obtain her permission for you to turn over correspondence in your possession, presumably between you and Ms. Dirks. Ms. Dirks has unequivocally stated her wish to have no further involvement with you relative to this matter, and has advised that any letters in your possession are presumably your property, and you are therefore free to do with them as you wish. Accordingly, we are therefore reiterating, once again, our demand for copies of any correspondence between you and Ms. Dirks or any of the other parties involved in this matter.

Very truly yours,

WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP

S/
Nancy V. Wright

NVW:ev

cc: The Honorable Andrew J. Peck

3287552.1

July 11, 2008

Nancy Wright, Esq.
Wilson, Elser, Moskowitz, Edelman & Dicker LLP
150 East 42nd Street
New York, NY 10017

Docket # 07-3246
Rivera vs. Smith, Bunshaft and
St. Vincent's Catholic Med Ctrs.

Re: Request for F.D., F.N.P's.
personal letters to Plaintiff.

Dear Ms. Wright:

No.

Sincerely yours,

Roberto Rivera
82 La Salle Drive
Yonkers, NY 10710
914-482-0734
Fax: 914-961-5729

cc: The Honorable Andrew J. Peck

# FAX TRANSMITTAL SHEET



## ANDREW J. PECK
## UNITED STATES MAGISTRATE JUDGE
## UNITED STATES DISTRICT COURT
Southern District of New York
United States Courthouse
500 Pearl Street, Room 1370
New York, N.Y. 10007-1312

Fax No.:         (212) 805-7933
Telephone No.:   (212) 805-0036

Dated:  **July 16, 2008**                                            Total Number of Pages:  **5**

| TO | FAX NUMBER |
|---|---|
| Roberto Rivera, M.D. | 914-961-5729 |
| Nancy V. Wright, Esq. | 212-490-3038 |
|  |  |

# TRANSCRIPTION:

**MEMO ENDORSED 7/16/08**

**Dr. Rivera's motion for reconsideration is DENIED. The Court adheres to its original ruling and citation for contempt.**

**Copy to:    Judge Barbara S. Jones**